The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES J. JACKSON III; KING COUNTY; STATE OF WASHINGTON DEPARTMENT OF REVENUE; and JPMORGAN CHASE BANK, N.A.;

Defendants.

Case No. 2:18-cv-01067-RSL

**STIPULATION BETWEEN UNITED STATES, KING COUNTY, STATE OF WASHINGTON DEPARTMENT OF REVENUE, AND JPMORGAN CHASE BANK, N.A. RE: RELATIVE PRIORITY OF LIENS AGAINST SUBJECT PROPERTY**

The United States of America ("United States"), King County, State of Washington Department of Revenue ("State of Washington"), and JPMorgan Chase Bank, N.A. ("Chase"), by and through their undersigned counsel, hereby agree and stipulate as follows ("Stipulation"):

1. On July 20, 2018, the United States commenced this suit for the purpose of, *inter alia*, foreclosing federal tax liens against James J. Jackson III upon real property owned by Mr. Jackson located in King County, Washington that is commonly described as 31854 Thomas Road SE, Auburn, WA 98092 (referred to in the Complaint and herein as the "Subject Property"). The Subject Property bears King County Assessor's Parcel No. 072106-9012. The

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

1

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

legal description of the Subject Property is as follows:

> THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 7, TOWNSHIP 21 NORTH, RANGE 6 EAST, W.M., IN KING COUNTY, WASHINGTON;
> EXCEPT THAT PORTION CONVEYED TO KING COUNTY BY DEED RECORDED UNDER RECORDING NO. 1064195;
> AND EXCEPT THAT PORTION DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHEAST CORNER OF SAID SOUTH HALF;
> THENCE SOUTH 88°47'50'' WEST ALONG THE NORTH LINE THEREOF, 693.33 FEET TO THE POINT OF BEGINNING;
> THENCE CONTINUING SOUTH 88°47'50" WEST 499.98 FEET TO THE WEST LINE OF SAID SOUTH HALF;
> THENCE SOUTH 1°28'05" WEST ALONG SAID WEST LINE 15.70 FEET;
> THENCE NORTH 86°55'07" EAST 360.96 FEET;
> THENCE NORTH 87°13'11" EAST 139.99 FEET TO THE POINT OF BEGINNING.
>
> SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

*See* Dkt. # 1 at 3, ¶ 13.

2. King County, the State of Washington, and Chase were named as parties to this action pursuant to 26 U.S.C. § 7403 because they may claim some right, title, or interest in the Subject Property. *See* Dkt. # 1 at 3, ¶¶ 9-11. The United States claims no monetary relief against King County, the State of Washington, and Chase. King County, the State of Washington, and Chase have no interest in the Complaint apart from ensuring that any foreclosure sale of the Subject Property pursuant to the United States' claim in the Complaint be made subject to the liens of King County, the State of Washington, and Chase as set forth herein.

3. Service of process upon King County was completed on August 2, 2018. Dkt. # 8.

4. Service of process upon the State of Washington was completed on August 3, 2018. Dkt. # 9.

5. Service of process upon Chase was completed on August 3, 2018. Dkt. # 10.

6. The United States claims that federal tax liens encumber the Subject Property and that the federal tax liens arose on the dates of assessment. *See* Dkt. # 1 at 8, ¶ 26. The federal tax

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

liens consist of federal tax liens for federal employment taxes (Form 941) for the periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and September 30, 2007, March 30, 2007, and June 30, 2007 ("federal employment tax liens") and federal tax liens for federal income taxes (Form 1040) for the periods ending December 31, 2006 and December 31, 2009 ("federal income tax liens") (collectively, "federal tax liens"). *Id.* at 4-5, 8, ¶¶ 16-17, 26.

7. As more fully described in paragraphs 8-12, below, the Internal Revenue Service ("IRS") recorded Notices of Federal Tax Lien in King County pursuant to 26 U.S.C. § 6323(a) to make its federal tax liens against any and all real property owned by Mr. Jackson, including the Subject Property, effective against persons entitled to notice.

8. On May 8, 2008, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien ("NFTL") against James J. Jackson III with respect to unpaid federal employment tax liabilities (Form 941) for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and September 30, 2007, with the King County Recorder's Office (Recording No. 20080508001060).

9. On December 15, 2008, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against James J. Jackson III with respect to unpaid federal employment tax liabilities (Form 941) for the tax periods ending March 31, 2007 and June 30, 2007, with the King County Recorder's Office (Recording No. 20081215000760).

10. On October 14, 2009, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against James J. Jackson III with respect to unpaid federal income tax liabilities (Form 1040) for the tax periods ending

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

December 31, 2006 and December 31, 2008, with the King County Recorder's Office (Recording No. 20091014000449).

11. On October 3, 2017, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL Refile against James J. Jackson III with respect to unpaid federal employment tax liabilities (Form 941) for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and September 30, 2007, with the King County Recorder's Office (Recording No. 20171003001283).

12. On October 8, 2018, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL Refile against James J. Jackson III with respect to unpaid federal employment tax liabilities for the tax periods ending March 31, 2007 and June 30, 2007, with the King County Recorder's Office (Recording No. 20181008000748).

13. King County holds a county tax lien encumbering the Subject Property for the 2019 real property taxes that will be levied in late 2018 . In addition, King County's property tax lien for 2020 real property taxes was initiated on January 1, 2019, subject to the county's property tax levy in late 2019. ("county tax lien")

14. The State of Washington holds state tax liens encumbering the Subject Property that secure unpaid state tax debts pertaining to Jackson Painting that are due and owing from Mr. Jackson for the tax periods August 1, 2004-April 30, 2005 and August 1, 2005-August 31, 2006 ("state tax liens"). The state tax liens are based on tax debts that were assessed on July 14, 2009. The State of Washington filed a Tax Warrant No. 116513A in the King County Superior Court under Case No. 09-2-28386-9 KNT on July 30, 2009. A Judgment was filed in the King County Superior Court under Case No. 09-9-28177-2 on July 30, 2009.

15. Chase holds a lien against the Subject Property based upon a deed of trust

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

executed by Mr. Jackson on or about March 27, 2003 that was recorded with King County Recorder's Office on April 8, 2003 (Recording No. 20030408001386) ("Mortgage Lien"). Mr. Jackson used the Subject Property as collateral to secure a loan.

16. Pursuant to 26 U.S.C. § 6323(b)(6), the parties agree that: King County is entitled to priority over Chase's Mortgage Lien, federal tax liens, and state tax liens on the Subject Property by virtue of delinquent ad valorem property taxes; King County's county tax lien is entitled to first priority from the net proceeds of sale (after costs of sale); and King County's county tax lien will be treated as such in any order of sale and/or decree of foreclosure proposed by the United States in this action.

17. The parties agree that: Chase's Mortgage Lien is entitled to priority over the federal tax liens and state tax liens on the Subject Property; Chase's Mortgage Lien is entitled to second priority from the net proceeds of sale (after costs of sale); and Chase's Mortgage Lien will be treated as such in any order of sale and/or decree of foreclosure proposed by the United States in this action.

18. The parties agree that: the United States' federal employment tax liens are entitled to priority over the state tax liens on the Subject Property based on their respective assessment dates; the United States' federal employment tax liens are entitled to third priority from the net proceeds of sale (after costs of sale); and the United States' federal employment tax liens will be treated as such in any order of sale and/or decree of foreclosure proposed by the United States in this action.

19. The parties agree that: the State of Washington's state tax liens are entitled to priority over the federal income tax liens on the Subject Property based on their respective assessment dates; the State of Washington's state tax liens are entitled to fourth priority from the net proceeds of sale (after costs of sale), and the State of Washington's state tax liens will be

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

treated as such in any order of sale and/or decree of foreclosure proposed by the United States in this action.

20. The parties agree that: the United States' federal income tax liens are entitled to fifth priority from the net proceeds of sale (after costs of sale); and the United States' federal income tax liens will be treated as such in any order of sale and/or decree of foreclosure proposed by the United States in this action.

21. Therefore, in the event the Court permits the sale of the Subject Property, the United States will include in its proposed order of sale a provision that the sale of the Subject Property shall be subject to the liens of the parties as described herein, and that such liens shall be satisfied from the net proceeds of sale, defined as the proceeds resulting from the sale of the Subject Property less costs of sale, to cover their liens or ownership interest due and owing at the time of sale, in the following order, until the liens are satisfied or the net proceeds of sale exhausted:

(1) King County for county tax lien(s);

(2) Chase for Mortgage Lien;

(3) United States for federal employment tax liens;

(4) State of Washington for state tax liens;

(5) United States for federal income tax liens; and

(6) Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

22. The parties agree upon written request in connection with a sale of the Subject Property, King County, the State of Washington, and Chase will promptly provide the United States with a payoff figure on their respective liens as of the date of sale.

23. The parties agree to bear their own costs and attorney's fees in this action, except

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

for the costs incurred in selling the Subject Property, which will be reimbursed prior to satisfying the outstanding liens on the Subject Property. This Stipulation and Order does not include costs and attorney's fees incurred outside of, or separate from, this action.

24. The United States will not seek any order or judgment and no order or judgment shall be entered in this action for the United States and against King County, the State of Washington, and Chase for any award for money, damages, fees or costs, including but not limited to attorneys' fees, and/or equitable relief.

25. Unless otherwise ordered by the Court, King County, the State of Washington, and Chase should be excused from further participation in this action, including but not limited to court hearings, discovery, alternative dispute resolution, and trial in this action and shall be non-parties for purposes of discovery. All proposed orders and judgments shall be served on King County, the State of Washington, and Chase prior to entry. King County, the State of Washington, and Chase shall have the opportunity to review, and provide any response to if they so choose, any motion to confirm the sale of the Subject Property as well as file appropriate documentation to establish the lawful amount it is owed at the time of sale. King County, the State of Washington, and Chase agree to be bound by any judgment in this action that is consistent with this Stipulation and Order, and any judgment shall incorporate the terms of this stipulation and order.

26. The parties so agree and request an order ("Order") confirming the foregoing Stipulation.

///

///

///

///

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

7

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

27. This Stipulation may be executed in duplicate and separate counterparts, and all executed duplicates and counterparts together shall be construed as a single Stipulation.

Respectfully submitted this 26th day of February, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Yen Jeannette Tran
YEN JEANNETTE TRAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3366 (v)
202-307-0054 (f)
Y.Jeannette.Tran@usdoj.gov

Of Counsel:

BRIAN T. MORAN
U.S. Attorney, Western District of Washington

*Attorneys for the United States of America*

ROBERT W. FERGUSON
Attorney General

/s/ Donivan R. Irby via E-Mail Approval on 02/25/19
DONIVAN R. IRBY, WSBA #19938
Assistant Attorney General
Bankruptcy & Collections Unit
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7165 (v)
206-587-5150 (f)
BCUIrby@atg.wa.gov

*Attorneys for the State of Washington Department of Revenue*

DANIEL T. SATTERBERG
King County Prosecuting Attorney

/s/ Margaret Pahl via E-Mail Approval on 02/13/19
MARGARET PAHL, WSBA #19019
Senior Deputy Prosecuting Attorney
Civil Division
W400 King County Courthouse
516 Third Avenue
Seattle, WA 98104
206-477-1120 (v)
206-296-0191 (f)
Peggy.pahl@kingocunty.gov

*Attorneys for King County*

Davis Wright Tremaine LLP

/s/ Frederick A. Haist via E-Mail Approval on 01/25/19
FRED B. BURNSIDE, WSBA #32491
FREDERICK A. HAIST, WSBA #48937
Davis Wright Tremaine
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206-622-3150 (v)
206-757-7700 (f)
fredburnside@dwt.com
frederickhaist@dwt.com

*Attorneys for JPMorgan Chase Bank, N.A.*

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765

**ORDER**

On reading the foregoing Stipulation between the United States, King County, State of Washington Department of Revenue, and JPMorgan Chase, N.A. and good cause appearing therefore, the Court adopts the Stipulation set forth above. It is SO ORDERED and APPROVED.

DATED: Feb. 27, 2019

The Honorable Robert S. Lasnik
United States District Judge

Stipulation Between United States, King County, State Of Washington Department Of Revenue, and JPMorgan Chase Bank, N.A. Re: Relative Priority Of Liens Against Subject Property (Case No. 2:18-cv-01067-RSL)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4819-5527-0531v.1 0036234-000765