The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:18-cv-01067-RSL |
| Plaintiff, ) | |
| ) | **ORDER OF FORECLOSURE AND** |
| v. ) | **JUDICIAL SALE** |
| ) | |
| JAMES J. JACKSON III; ) | |
| KING COUNTY; STATE OF WASHINGTON ) | |
| DEPARTMENT OF REVENUE; and ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Court has entered a Judgment that ordered, *inter alia*, foreclosure of the United States' federal tax liens against the real property commonly known as 31854 Thomas Road SE, Auburn, WA 98092 (referred to herein as "Subject Property"). *See* Dkt. #44. This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1. On March 3, 2020, the Court entered a Judgment (Dkt. #44) as follows:

   a. Judgment is entered in favor of the United States on its Complaint (Dkt. # 1) against James J. Jackson III.

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

b. James J. Jackson III is indebted to the United States for unpaid federal income taxes (Form 1040: U.S. Individual Income Tax Return) for the tax years 2006 and 2008, described in paragraph 16 of the Complaint (Dkt. # 1), in the amount of $58,171.23 as of October 7, 2019, plus statutory interest which continues to accrue as provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 and other statutory additions as provided by law, less any subsequent payments or credits, until paid in full.

c. James J. Jackson III, doing business as Unique Integration LLC, is indebted to the United States for unpaid federal employment taxes (Form 941: Employer's Quarterly Federal Tax Return) for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, and September 30, 2007, described in paragraph 17 of the Complaint (Dkt. # 1), in the amount of $142,586.28 as of October 7, 2019, plus statutory interest which continues to accrue as provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621, and 6622 and other statutory additions as provided by law, less any subsequent payments or credits, until paid in full.

d. The United States has valid and subsisting federal tax liens for the unpaid federal tax liabilities described in paragraphs 3-4 of the Judgment, that arose in favor of the United States on the dates of assessments set forth in paragraphs 16-17 of the Complaint (Dkt. # 1), and that attached to all property and rights to property belonging to James J. Jackson III.

e. On the dates of assessments set forth in paragraphs 16-17 of the Complaint (Dkt. # 1), the federal tax liens described in paragraph 5 of the Judgment, attached to the real property located at 31854 Thomas Road SE, Auburn, WA 98092 bearing King

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

County Assessor's Parcel No. 072106-9012 ("Subject Property"). The real property is legally described as follows:

THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 7, TOWNSHIP 21 NORTH, RANGE 6 EAST, W.M., IN KING COUNTY, WASHINGTON;
EXCEPT THAT PORTION CONVEYED TO KING COUNTY BY DEED RECORDED UNDER RECORDING NO. 1064195;
AND EXCEPT THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID SOUTH HALF;
THENCE SOUTH 88º47'50'' WEST ALONG THE NORTH LINE THEREOF, 693.33 FEET TO THE POINT OF BEGINNING;
THENCE CONTINUING SOUTH 88º47'50'' WEST 499.98 FEET TO THE WEST LINE OF SAID SOUTH HALF;
THENCE SOUTH 1º28'05'' WEST ALONG SAID WEST LINE 15.70 FEET;
THENCE NORTH 86º55'07'' EAST 360.96 FEET;
THENCE NORTH 87º13'11'' EAST 139.99 FEET TO THE POINT OF BEGINNING.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

The present use for the Subject Property is classified as "Mobile Home" by the King County Assessor's Office. The mobile home, that may or may not be deemed a fixture, that is located on the Subject Property is a 1989 Barrington w12x36 dk 66/27 Double-Wide. The King County Assessor's account number for this mobile home is 39981923. *See* Dkt. # 1 at 3-4, ¶¶ 13-14.

      f.      The Internal Revenue Service ("IRS") properly recorded Notices of Federal Tax Lien and Notices of Federal Tax Lien Refiles against James J. Jackson III with the King County Recorder's Office pursuant to 26 U.S.C. § 6323.

      g.      The United States is entitled to foreclose its federal tax liens described in paragraph 5 of the Judgment against the Subject Property, and the Subject Property shall be sold in a judicial sale and the proceeds distributed in accordance with the Court's Order of Foreclosure and Judicial Sale.

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

2. The United States' federal tax liens against James J. Jackson III for unpaid federal income taxes (Form 1040: U.S. Individual Income Tax Return) for the tax years 2006 and 2008 and James J. Jackson, doing business as Unique Integration LLC, for unpaid federal employment taxes (Form 941: Employer's Quarterly Federal Tax Return) for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, and September 30, 2007, are foreclosed, and the Subject Property shall be sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2002.

3. The property upon which the United States is entitled to foreclose its federal tax liens is the real property located at 31854 Thomas Road SE, Auburn, WA 98092 bearing King County Assessor's Parcel No. 072106-9012 ("Subject Property"). The real property is legally described as follows:

> THE SOUTH HALF OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 7, TOWNSHIP 21 NORTH, RANGE 6 EAST, W.M., IN KING COUNTY, WASHINGTON;
> EXCEPT THAT PORTION CONVEYED TO KING COUNTY BY DEED RECORDED UNDER RECORDING NO. 1064195;
> AND EXCEPT THAT PORTION DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHEAST CORNER OF SAID SOUTH HALF;
> THENCE SOUTH 88º47'50'' WEST ALONG THE NORTH LINE THEREOF, 693.33 FEET TO THE POINT OF BEGINNING;
> THENCE CONTINUING SOUTH 88º47'50" WEST 499.98 FEET TO THE WEST LINE OF SAID SOUTH HALF;
> THENCE SOUTH 1º28'05" WEST ALONG SAID WEST LINE 15.70 FEET;
> THENCE NORTH 86º55'07" EAST 360.96 FEET;
> THENCE NORTH 87º13'11" EAST 139.99 FEET TO THE POINT OF BEGINNING.
>
> SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

The present use for the Subject Property is classified as "Mobile Home" by the King County Assessor's Office. The mobile home, that may or may not be deemed a fixture, that is located on the Subject Property is a 1989 Barrington w12x36 dk 66/27 Double-Wide. The King County Assessor's account number for this mobile home is 39981923. *See* Dkt. # 1 at 3-4, ¶¶ 13-14.

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

4. The United States Marshal for the Western District of Washington, his/her representative, or an Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS representative to carry out the sales under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

5. The United States Marshal for the Western District of Washington, his/her representative, or a PALS representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the property, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

6. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale shall be by public auction to the highest bidder, free and clear of all liens and interests;

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any;

    c. The sale shall be held at the King County Courthouse, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative;

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

d. Notice of the sale or sales shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in King County, Washington, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to these sales under federal law and state or local law regarding redemption rights do not apply to these sales. The notice or notices of sale shall describe the Subject Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale;

e. Pursuant to the stipulation between the United States and JPMorgan Chase Bank, N.A. (Dkt. #38), and considering the notices of non-opposition filed by the other parties to this case (Dkt. #41, 42, 43), the minimum bid for the foreclosure sale of the Subject Property will be set by the IRS and will be no less than $300,000.

f. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid, or sell to the highest bidder;

g. Bidders shall be required to DEPOSIT at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the Western District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement;

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

h. The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the Western District of Washington. If the successful bidder or bidders fail(s) to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the James J. Jackson III's federal tax liabilities, described in Paragraph 1b-c, above. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second highest bidder or bidders. The United States may bid as a credit against its judgment without tender of cash;

i. The sale of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within thirty (30) days from the date of receipt of the balance of the purchase price;

j. Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers;

k. Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Property held or asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state or local law shall not apply to this sale under federal law; and

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

l. Upon confirmation of the sale, the purchaser or purchasers shall have the recorder of deeds, King County, Washington, cause transfer of the Subject Property to be reflected upon that County's register of title.

7. Until the Subject Property is sold, James J. Jackson III shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance on the Subject Property. James J. Jackson III shall not commit waste against the Subject Property, nor shall they cause or permit anyone else to do so. James J. Jackson III shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall they cause or permit anyone else to do so. James J. Jackson III shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. **Violation of this paragraph shall be deemed a contempt of court and punishable as such.** Should James J. Jackson III fail to comply with this paragraph, other Defendants in this case who have a recognized property interest in the Subject Property may take steps to protect the Subject Property by agreement or, if no agreement is reached among the Defendants, by seeking further Court order.

8. All persons occupying the Subject Property shall leave and permanently vacate the Subject Property no later than thirty (30) days after the entry of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises,

Order of Foreclosure and Judicial Sale (Case No. 2:18-cv-01067-RSL)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

whether or not the sale of such property is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to James J. Jackson III's federal tax liabilities, described in Paragraph 1b-c, above.

9. Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

10. James J. Jackson III shall, if his address changes, file a forwarding address with the Court within thirty (30) days of any such change, and serve a copy of the same upon the United States and all other parties to this litigation. If James J. Jackson III, or any other person(s) occupying the Subject Property, vacates the Subject Property prior to the deadline set forth in paragraph 8, above, such person shall notify counsel for the United States no later than two (2) business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by contacting counsel for the United States, Yen Jeannette Tran, at (202) 616-3366.

11. The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the Clerk will disburse the funds in the following order of preference, as determined by this Court (Dkt. # 24 at 6, ¶ 21), until these expenses and liens are satisfied or the proceeds are exhausted:

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

a. First, to the IRS, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court;

b. Second, to King County, for the balance of the county tax lien(s) due and owing at the time of sale (*See* Dkt. # 24 at 4, ¶ 13);

c. Third, to JPMorgan Chase Bank, N.A., for the balance of the Mortgage Lien due and owing at the time of sale (*See* Dkt. # 24 at 4-5, ¶ 15);

d. Fourth, to the United States, for the balance of the federal employment tax liens against James J. Jackson III for the periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, June 30, 2007, and September 30, 2007 due and owing at the time of sale (*See* Dkt. # 24 at 2-3, ¶ 6);

e. Fifth, to the State of Washington, for the balance of the state tax liens due and owing at the time of sale (*See* Dkt. # 24 at 4, ¶ 14);

f. Sixth, to the United States, for the balance of the federal income tax liens against James J. Jackson III for the periods ending December 31, 2006 and December 31, 2008[1] due and owing at the time of sale (*See* Dkt. # 24 at 2-3, ¶ 6); and

g. Any remainder to be held by the Clerk until further order of the Court.

**IT IS SO ORDERED.**

//

---

[1] The Stipulation Re: Relative Priority of Liens Against Subject Property (Dkt. # 23) and Order (Dkt. # 24) contain typographical errors listing December 31, 2009 instead of December 31, 2008. Indeed, references throughout the Stipulation and Order correctly identify the income tax period ending December 31, 2008. *See* Dkt. ## 23 at 3, ¶ 6 (citation to paragraph 16 of the Complaint identifying income tax period ending December 31, 2008), 3-4, ¶ 10 (reference to income tax period ending December 31, 2008); 24 at 3, ¶ 6, 3-4, ¶ 10.

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

DATED this 3rd day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Order of Foreclosure and Judicial Sale
(Case No. 2:18-cv-01067-RSL)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366